IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| NIKITA DUMAS, | § § § § § § § § § § § | |
| Plaintiff, | | CIVIL ACTION NO.: |
| v. | | _____ |
| TITUS TRANSPORT HOLDING, LLC, Defendant. | | JURY DEMAND |

**COMPLAINT**

## I.    INTRODUCTION

1    This is an action for legal and equitable relief to redress unlawful employment practices committed by Defendant Titus Transport Holdings, LLC ("Defendant" or "Titus") in violation of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 et seq. ("ADA"), and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"). Plaintiff brings this action for discrimination based on actual and/or perceived disability and sex.

## II.    JURISDICTION AND VENUE

2.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 42 U.S.C. §§ 12117(a) and 2000e-5(f)(3).

3.    Venue is proper in this District under 28 U.S.C. § 1391(b) because the unlawful employment practices alleged occurred within this District and Defendant operates in this District.

### III.    PARTIES

4.   Plaintiff Nikita Dumas (hereafter "Plaintiff" or "Dumas") is a resident of Mobile, Alabama. At all times relevant, Plaintiff was an employee of Titus within the meaning of the ADA and Title VII.

5.   Defendant Titus Transport Holdings, LLC is a private employer with more than 15 employees.

6.   Titus was Dumas's "employer" as the term is defined by the ADA and Title VII.

7.   Dumas timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission, alleging discrimination based on actual and/or perceived disability and sex. She received a Notice of Right to Sue and files this action within 90 days of receipt of the same.

### IV.    FACTS

8.   Dumas was hired by Titus as a Driver and successfully completed a required physical examination, which confirmed she could perform the essential functions of the position.

9.   On or about October 25, 2023, on what was to be Dumas's first day of work, her manager informed her that she could not continue to work because, in his words, he was "looking out for [her] safety" and believed it would be "best" for her not to work for Titus.

10.   Titus's decision was based in part on its perception of Dumas's natural posture and physical condition, which it used to conclude that the manual labor required would be "too much" for her. Plaintiff did not request any accommodation and was able to perform all essential functions of the job.

11.   Dumas has a history of migraines and a thyroid condition, but these conditions do not limit her ability to perform the job duties of a Driver.

12.   Titus regarded Dumas as disabled within the meaning of the ADA when it perceived her posture or physical condition as a limitation disqualifying her from work, despite her medical clearance.

13.   Titus does not similarly scrutinize male employees' postures or physical appearances in making employment decisions.

14.   Titus's stated reasons were pretext for discrimination based on Dumas's actual and/or perceived disability, and in the alternative, her sex.

## V.    COUNT I (Disability Discrimination)

15.   Plaintiff realleges and incorporates by reference paragraphs 1–14 as if fully set forth herein.

16.   Defendant discriminated against Plaintiff by terminating her employment because of her actual and/or perceived disability in violation of the ADA.

17.   As a direct and proximate result, Plaintiff suffered loss of income, emotional distress, humiliation, and other damages

## VI.    COUNT II (Sex Discrimination)

18.    Plaintiff realleges and incorporates by reference paragraphs 1–14 as if fully set forth herein.

19.    Defendant discriminated against Plaintiff based on her sex, female, in violation of Title VII of the Civil Rights Act, by terminating her employment while not holding male drivers to the same physical appearance or posture standards.

20.    As a direct and proximate result, Plaintiff suffered loss of income, emotional distress, humiliation, and other damages.

## VII.    PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment against Defendant and award the following relief:

A.  Declare that Defendant's conduct violated the ADA and Title VII;

B. Order Defendant to make Plaintiff whole by awarding her reinstatement or front pay, back pay, and other benefits of employment she would have enjoyed absent the discrimination;

C.  Award Plaintiff compensatory and punitive damages as permitted by law;

D. Award Plaintiff the costs of this action, including reasonable attorneys' fees;

E. Grant such other and further relief as this Court deems just and proper.

Dated: July 9, 2025.

/s/ Eric C. Sheffer
Eric C. Sheffer
**Counsel for Plaintiff**


**OF COUNSEL:**
**WIGGINS, CHILDS, PANTAZIS,**
**FISHER & GOLDFARB, LLC**
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
Telephone: (205) 314-0500
Facsimile: (205) 254-1500
E-mail: esheffer@wigginschilds.com

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**


/s/ Eric C. Sheffer
**OF COUNSEL**